## PIGGLY WIGGLY CORPORATION v. JITNEY JUNGLE CORPORATION.

### No. 5719.

Circuit Court of Appeals, Fifth Circuit.

April 9, 1930.

E. W. Bradford, of Washington, D. C., Wm. H. Watkins, of Jackson, Miss., and John A. Osoinach, of Cincinnati, Ohio, for appellant.

James N. Flowers and F. L. Peyton, Jr., both of Jackson, Miss., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

This was a suit by appellant to enjoin appellee from infringing the former's patents and from unfair competition. The charges of infringement and unfair competition were denied in appellee's answer, and the case was referred to a master, for his findings, both upon the facts and the law. The master, after an exhaustive hearing, made a report in favor of appellee on the issues involved. The trial court adopted that report and dismissed the bill.

There were three patents involved, all issued upon the application of Clarence Saunders and owned by appellant at the time of the trial. The first, No. 1,242,872, dated October 9, 1917, was for improvements in self-service stores. The claims which it is contended were infringed are the second and fourth. They read as follows:

"An apparatus for the vending of merchandise having a section closed to customers except for an entrance and an exit and a series of merchandise display cabinets arranged within said section in rows in line with each other forming aisles for the passage of customers, the adjacent aisles of which communicate at alternate opposite ends of said section and form a continuous passage-way from said entrance to said exit, substantially as set forth."

"A store for the vending of merchandise having a partition dividing the room into an ante-room or lobby and a salesroom, said

partition being constructed to provide an entrance and an exit, a closure for the entrance, a closure for the exit, a series of merchandise display cabinets or holders arranged in rows in the salesroom and at distances apart to form aisles and having passage-ways at alternate ends whereby a continuous circuitous path is formed from said entrance to said exit, and a structure adjacent the terminal of the path at its exit end providing a checking up and settlement station, substantially as set forth."

There were two other claims, the first and third, and by these it is required that customers must pass through or traverse a circuitous path from entrance to exit. The second patent, No. 1,357,521, issued November 2, 1920, adds nothing to the first except basket racks, and passageways completely around the settlement station or place where customers pay for the goods purchased by them, but it preserves the requirement of a single entrance and exit. The third patent, No. 1,-297,405, dated March 18, 1919, was for price tags which are suspended from a hook in front of separate lots of merchandise which are sold for the same price, and are so arranged that the eye falls on the goods and the price at the same time. Appellee claims improvements in self-service stores under patent No. 1,348,024, issued July 27, 1920, to its president, W. D. McCarty. The claims of the McCarty patent, while in many respects similar to those of appellant's patent, call for two entrances and two exits, and for a passageway connecting the passageways on each side of the store so arranged that a customer does not have to traverse a single passageway from entrance to exit, but can turn back and go across by a connecting aisle to the other side of the store or come out without following the single passageway from entrance to exit. Another difference is that the shelves specified in appellant's patents are not required to be of any particular height, whereas it is required in appellee's claims that they be sufficiently low to permit an attendant at the pay desk to keep the customers in plain view as they pass from shelf to shelf and through a store. There was testimony to the effect that some of appellee's licensees used price tags which were hung in front of merchandise. These were suspended by safety pins instead of hooks, and were purchased from manufacturers who had sold them long prior to the taking out of appellant's third patent. There was no testimony tending to show that appellee itself used or required its licensees to use appellant's device for suspending tags.

The charge of unfair competition was based upon the supposed similarity in appearance of the stores of appellee to those of appellant, and upon similarity in the names of the two corporations. The master found that appellee's stores were not like those of appellant in appearance, that they were painted in different colors, and that no attempt had been made to mislead the public. He further found that the supposed similarity in names had not caused customers to become confused, or to mistake the one kind of store for the other. It was shown by the evidence that before the date of the first Saunders patent, cafeterias providing means of self-service in restaurants having a continuous passageway from entrance to exit, and in grocery stores without such passageway, were in existence and being used in a number of places.

The first two Saunders patents were not pioneer patents, because they did not perform any function that was new, original, or unknown to the prior art; but they were, as they purport to be, for improvements of an already existing self-service function as applied, first to restaurants, and later to grocery stores, by the combination of old and well known elements. It is that combination which must be relied on by appellant as a basis for the claims to an invention. Those patents are therefore to be strictly construed, and are not infringed by the use of a substantially different combination of the same elements which produced a different result that is new and useful. Nor is it infringement to use more or less than the whole of the elements that go to make up the claims of a combination, for in either of such events identity of combination is lacking. 20 R. C. L. 1125, 1128, 1154, 1157.

The only new feature of the first two patents is the continuous passageway from a single entrance to a single exit. The result accomplished by that feature was to make it certain that customers would be compelled to pass by the whole stock of goods, and thus make it probable that they would buy more goods than they might otherwise buy. The argument is advanced that only claims 1 and 3, which are not here involved, required that customers must traverse the continuous passageway, but that this requirement was omitted from claims 2 and 4 which it is asserted were infringed. Nevertheless, it is true that under these claims in dispute customers were bound to traverse the whole passageway from entrance to exit. That it was intended they should do so is hardly open to doubt, for the

display cabinets were required to be so arranged as to form aisles for a continuous passageway or circuitous path, and there is no way for customers to get out except by a single exit, and after they have passed by all the goods in the store. Appellee's device wholly lacks the requirement of a continuous passageway, and is so designed as to permit customers to come in, select such goods as they choose from any part of the store, cross from one side of it to the other, and depart. from either of two exits. The difference in construction is substantial, and not merely colorable. There is left out of appellee's device the only new and distinguishing feature of appellant's patents. Assuming, without deciding, that the Saunders patents for the price-tagging means is valid, we are of opinion that the evidence was not sufficient to show that it had been infringed by appellee. The master and the district judge were both of opinion that the proof was insufficient to sustain the charge of unfair competition, and we see no reason to disturb their finding in that particular. The names of the two corporations are not so nearly alike when read or spoken as to deceive the public. The conclusion is that no error is shown in the findings of fact, or in the dismissal of the bill of complaint.

The decree is affirmed.